INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v. C. C. MORGAN.

Decided March 19, 1902.

Railway Company—Setting Fire From Engine—Evidence.

Evidence held insufficient to show that a, fire which destroyed plaintiff's wood adjacent to the railway track was set by sparks from defendant's engines, which were equipped with approved spark arresters, and did not pass near the wood just prior to the fire.

Appeal from the County Court of Gregg. Tried below before Hon. J. T. Smith.

*Young & Stinchcomb,* for appellant.

*R. B. Levy,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit to recover of appellant the value of 182 cords of wood owned by appellee and alleged to have been destroyed by a fire negligently set out by appellant. The defendant answered by special exceptions and general denial, and by special pleas in which it averred:

1. That if the fire which consumed plaintiff's wood was set out by sparks thrown by one of defendant's engines, that same was not due to any negligence on the part of appellant, because its said engine was equipped with the best appliances for arresting the escape of sparks and was in good repair and carefully and skillfully operated by its employes.

2. That plaintiff's wood was burned by fire which was communicated from a fire which had been burning for some time upon plaintiff's land and over which defendant had no control; and

3. That plaintiff was guilty of contributory negligence in allowing dry grass and other combustible material to accumulate and remain on his land adjoining defendant's right of way.

The trial of the case in the court below by a jury resulted in a verdict and judgment for plaintiff for $161.70, from which judgment this appeal is prosecuted. Succinctly stated, all of the evidence in the case bearing upon the question of the origin of the fire is as follows:

Plaintiff testified that his wood was burned on the 28th of August, 1899, in a fire which occurred on his farm situated about one and a half miles from the town of Longview and adjoining the right of way of appellant company. He was having the timber cut off his land, and as it was cut it was made into marketable wood and corded to dry, the limbs and brush from the trees being left on the ground where they were cut off. He saw the wood the day before it was burned. The weather at that time was unprecedently warm and dry. He went over the defendant's right of way that day and noticed that it was covered with a thick coat of grass which was dry and combustible. This grass

extended from the edge of the ties on the roadbed to the edge of a fire ditch which was along the outer edge of the right of way. This fire ditch was made by the section hands about two weeks before the fire, and was only a space of about twenty inches wide running along the right of way next to plaintiff's fence from which the grass had been scraped. He did not see his wood while it was burning and did not know how the fire originated. On the day after the fire he found where some brush piles had been burned on the northeast corner of the land on which the wood had been corded. A ring or circle had been made around the brush piles and the fire had not burned to this ring except on the north side. The defendant's right of way was burned off, and witness examined the trees standing on the ground and found that they had been scorched by fire more on the side next to the railroad. A. C. Jones testified for plaintiff that he was a tenant on plaintiff's farm. That on August 28, 1899, about 8 o'clock a. m., he set fire to several piles of brush for the purpose of making a clearing to build a house. That he remained around these fires until about 12 o'clock, and then threw all of the burned ends of the brush together and scraped a space of about eighteen or twenty inches around the brush heaps and went to dinner. He returned about 1 o'clock and saw that the brush had all burned down and nothing was left of the fire but coals and embers. He then went to the bottom, about two miles off, and returned about 3 o'clock, when he found plaintiff's wood burning. The space he had cleared around the brush piles was still intact and the main fire had not burned up to it except upon the north side. The railroad track at this point runs northeast and southwest, and the fire occurred on the east side of the track. The wind at the time was shifting, which was caused, as witness supposed, by the heat from the fire. He could not tell where the fire originated that burned the wood. There was stubble and dry grass upon the right of way and also upon plaintiff's land. There was a fire ditch along the edge of the right of way about two feet wide, made by the section hands. This space was cut clean. The wood which was burned was in the same inclosure in which witness had burned the brush piles.

C. W. Lawrence testified for plaintiff that he was on plaintiff's premises after the wood was burned and did not see what caused the fire. He saw where the brush piles had been burned, and the main fire only burned up to these piles on the north side.

Joe Culver testified for defendant that he passed plaintiff's premises about 1 o'clock on the day of the fire and got down and lighted a cigar at one of the brush piles. There had been several piles of brush burned, but the fire had died down to smoking coals and embers. The wind was blowing at the time and witness saw it blow some of the ashes off the coals. He could see over plaintiff's land and also over the right of way. At this time there was no fire anywhere except where the brush piles had been burned. There was no smoke arising at this time anywhere on plaintiff's land or on the right of way. He left plaintiff's

premises and went to Mrs. Palmer's, about a quarter of a mile away, and about 3 o'clock saw smoke arising from the direction of plaintiff's place.

Alex Freeman testified for defendant that he was at plaintiff's place while the wood was burning. He got there between 3 and 4 o'clock. When he got there the fire was spread out over one-half of plaintiff's land and the wood was burning up. At this time the grass was burning towards the track and it then shifted and burned parallel with the track. The fire was confined entirely to plaintiff's land. There was no fire upon the right of way at this time nor was there any smoke arising from it. The trees upon plaintiff's land were burned all around, and it was impossible to tell on which side, if any, they were burned the most. Defendant showed that only two of its engines passed plaintiff's place on the day of the fire, one at 11:25 a. m. and the other at 11:45 or 11:50 a. m. The engineer upon each of these engines testified that his engine was properly equipped with the best spark-arresting appliances and were in good repair and carefully and properly operated, and that no sparks were emitted by the engines when passing plaintiff's premises. Neither of these witnesses saw any fire when they passed plaintiff's place except the burning brush piles. The smoke from the burning brush piles blew toward the railroad and into the cabs in which the witnesses were riding.

F. Huffsmith, defendant's superintendent of locomotive power and rolling stock, testified that both of the engines that passed plaintiff's place on the day of the fire were equipped with the most approved appliances for arresting the escape of sparks, and such appliances were on said date in good repair.

This evidence not only fails to show that the fire which consumed appellee's property was caused by the negligence of the appellant, but is wholly insufficient to support the finding that the fire was set out by the sparks thrown by one of appellant's engine. No engine of appellant passed appellee's premises after 11:50 a. m. on the day of the fire. The fire was not discovered until 3 o'clock p. m. and did not originate on appellant's right of way. Appellee's premises were covered with dry grass and other combustible material, and the wind was blowing shortly before and at the time the fire was discovered. These facts are undisputed, and without taking into consideration the further fact that the origin of the fire can be reasonably accounted for as having been communicated from the brush heap fire, made by appellee's tenant for the purpose of clearing the land, we think that the only reasonable conclusion to be drawn from such facts is that the fire was not set out by appellant. It seems not only improbable but impossible that in the condition in which appellee's premises are shown to have been a spark from the engine could have set fire to the grass at 11:50 a. m., and the fire thus ignited should have made such little progress as not to have been discovered until 3 o'clock p. m. Appellee's witness Jones and the witness Culver both testify that they were on the premises about 1

'o'clock and saw no fire or smoke anywhere except at the burning brush heaps.

Until appellee established by a preponderance of the evidence that the fire was set out by appellant it did not devolve upon appellant to show that it was not guilty of negligence, and the fact that appellant negligently allowed dry grass to accumulate upon its right of way is absolutely immaterial, since the undisputed evidence shows that the fire did not original on the right of way. In our opinion there is not a scintilla of evidence in this record to support the verdict of the jury, and the judgment of the court below should be reversed and judgment here rendered for the appellant, and it is so ordered.

*Reversed and rendered.*